Zakia A. Richardson (UT 14298)
Pearson Butler & Carson PLLC
1802 W. South Jordan Parkway, STE 200
South Jordan, UT 84095
801.495.4104
Zakia@PearsonButler.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANESSA BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAYUSE TECHNOLOGIES, LLC and JOE MARVULLO, in his individual capacity,<br><br>    Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.:<br><br>Honorable Judge: |

Plaintiff Vanessa Brown ("Plaintiff" or "Ms. Brown"), by and through her undersigned counsel, complains against Cayuse Technologies, LLC ("Cayuse") and Joe Marvullo ("Marvullo") and collectively as ("Defendants") as follows:

**NATURE OF THE CASE**

1. This is an action against Defendants seeking redress for employment discrimination based on race which led to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (hereinafter "Title VII").

**PARTIES**

2. Ms. Brown is an individual who, at all times relevant herein, was and is a resident of Salt Lake County, State of Utah.

3. Cayuse is a company incorporated under the laws of the State of Oregon and is duly licensed to operate in the State of Utah.

4. Cayuse is owned by the Confederated Tribes of the Umatilla Indian Reservation but has waived any claims of tribal immunity by voluntarily availing itself of the laws of the State of Oregon and the State of Utah.

5. Cayuse employs more than 15 employees and is an employer within the meaning of Title VII.

6. Ms. Brown is informed and believes, and based thereon alleges, that Marvullo was and is an individual residing in Salt Lake County, Utah. At all times relevant herein, Marvullo was a supervisor, managerial employee or agent of Cayuse.

7. Ms. Brown is informed and believes and based thereon alleges that each defendant is the agent, servant, employee, successor in interest, co-conspirator, and/or alter ego of every other defendant, and that, in doing the acts alleged herein, each defendant acted as the agent of and with the consent, knowledge, authorization and/or ratification of every other defendant herein.

8. Ms. Brown is informed and believes and based thereon alleges that each defendant was in

some manner intentionally and/or negligently and legally responsible for the events and happenings alleged in this Complaint and for plaintiff's injuries and damages.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, in that this action arises under federal law, specifically, Title VII.

10. The unlawful employment discrimination giving rise to Plaintiff's claims was committed within the jurisdiction of the United States District Court of the Northern Division of Utah, thus, venue is proper pursuant to 28 U.S.C. § 1391.

11. This Court has pendant jurisdiction over the State and common law claims pursuant to 28 U.S.C. § 1367.

12. Ms. Brown has exhausted her administrative remedies by filing a charge of discrimination on the basis of race, color, national origin, and retaliation in employment with the U.S. Equal Employment Opportunity Commission ("EEOC").

13. The EEOC issued a right to sue notice authorizing this lawsuit on September 17, 2018, a true and correct copy is attached hereto as Exhibit 1 and incorporated herein by reference.

## GENERAL FACTUAL ALLEGATIONS

14. Ms. Brown began her employment at Informatech (the predecessor to Defendant Cayuse Industries) under the supervision of owner Daniel Eyring in Salt Lake City, Utah in 2014.

15. Ms. Brown worked as a technology recruiter and successfully performed her job without disciplinary actions or unsatisfactory performance of her job duties.

16. During July 2016, Daniel Eyring hired family friend Marvullo as a supervisor at Informatech.

17. One of the first encounters Ms. Brown had with Marvullo was upon her return to work from maternity leave. Marvullo forcefully questioned Ms. Brown on her position and duties within the office. This interaction left Ms. Brown shaken and tearful.

18. Mr. Marvullo treated Ms. Brown differently than the other employees. He was aggressive and disrespectful to Ms. Brown. Whereas, Marvullo was always courteous to the other employees. By January 2017 it became clear that racial animus was the reason for this difference.

19. During January 2017, Cayuse acquired Informatech and retained their employees.

20. In January 2017, the Cayuse Salt Lake Office consisted of five primary employees, four white males including Defendant Marvullo, and Ms. Brown, an African-American female.

21. During January 2017, Marvullo began referring to African-Americans as "your people" and "your kind" while conversing with Ms. Brown.

22. Initially, supervisor Marvullo would make racially disparaging remarks to Ms. Brown at least once a week. This harassment steadily increased during Ms. Brown's employment at Cayuse.

23. On January 27, 2017, an African-American tech recruit experienced a business-related problem with Marvullo. In response to the problem, Supervisor Marvullo told Ms. Brown that she "needed to better screen her people."

24. Within days of the January 27, 2017 disparaging comment, Ms. Brown reported the incident and other racially disparaging remarks to area director Daniel Eyring. Mr. Eyring

assured Ms. Brown that he would talk to Tina Cook, a member of Cayuse's human resources team.

25. Ms. Brown did not receive any communication from Cayuse regarding the racial comments. Around the same time, Marvullo's racial harassment increased.

26. On February 3, 2017, Ms. Brown sent a resignation email to Mr. Eyring and Marvullo, giving two weeks-notice of her intent to separate on hopefully amicable terms. Mr. Eyring convinced Ms. Brown to stay at the office. Mr. Eyring promised he would talk to Marvullo.

27. Sometime in February 2017, Cayuse Chief Executive Officer Billy Nerenberg, and Cayuse Human Resources Representative Tina Cook visited the Salt Lake City Office. Mr. Eyring assured Ms. Brown he would discuss the racially disparaging remarks and specifically asked Ms. Brown not to bring up the issue given the recent acquisition of his company Informatech. In a separate conversation, Marvullo promised to discuss Ms. Brown's pay structure and outstanding commissions.

28. No one from Cayuse addressed the racially disparaging remarks and outstanding commissions.

29. After CEO Nerenberg's visit to Salt Lake City, Marvullo's treatment of Ms. Brown became worst. Marvullo started banging on the adjoining wall to get Ms. Brown's attention. Two to three times a day Marvullo would yell at Ms. Brown to get into his office so Marvullo could ask benign questions such as "did you send the resume yet?" Marvullo did not treat any other Cayuse employee in a similar manner.

30. Marvullo was now making disparaging racial comments at least two to three times per week. The disparaging remarks would increase to a daily basis. Marvullo routinely referred to Ms. Brown and technology contractors of color as burnt toast.

31. On or about April 10, 2017, Marvullo approached Ms. Brown complaining about an African American recruit he placed for a technology project. Marvullo commented, "what is it with your kind?" This incident resulted from a customer complaint and it was later revealed the customer was at fault.

32. On at least three occasions, March 9, 2017, April 24, 2017, and June 8, 2017, Marvullo referred to Ms. Brown's skin as "burnt toast" this occurred at least one time in front of area director Eyring.

33. On several occasions, Marvullo would give Ms. Brown unsolicited parenting advice since Ms. Brown was a single black mother. In addition, Marvullo would brag about his wife's insurance benefits from Adobe and comment it must be tough to survive on Cayuse salary and benefits.

34. On August 11, 2017 at a team lunch at Pho Tay HO Vietnamese restaurant, Marvullo made various comments regarding Ms. Brown, calling her natural styled hair "nappy" and skin "ashy."

35. As a result of the comments made at the Vietnamese lunch, Ms. Brown started to straighten her hair every day in hopes of minimizing the racial attacks by Supervisor Marvullo.

36. On August 25, 2017, Ms. Brown filed a formal complaint of harassment with Cayuse human resources. Cayuse interviewed employees and found no evidence of racial discrimination just interoffice joking.

37. During this time Ms. Brown learned she was pregnant with her second child. Her doctor verified that she was having heart complications brought on by the anxiety, stress, and depression from her office experiences. Ms. Brown was advised she could not continue to work under the same conditions.

38. Due to the diagnosis and the inconclusive results of the Cayuse investigation, Ms. Brown left under constructive termination of her employment on September 11, 2017.

**FIRST CAUSE OF ACTION**
Violation of Title VII of the Civil Rights Act of 1964
Discrimination based on Race

39. Plaintiff reasserts and incorporates by reference all paragraphs set forth above.

40. Plaintiff is a member of a protected class based on race.

41. Plaintiff was subject to unwelcome harassment based on her race.

42. Defendants, including Defendant Cayuse, through its agent or supervisor, Defendant Marvullo, engaged in a pattern and practice of unlawful discrimination on the basis of race by subjecting Ms. Brown to race based harassment and intimidation that affected a term, condition, or privilege of employment and was so pervasive and egregious that it altered the working conditions of her employment and created an abusive and hostile working environment, in violation of Title VII.

43. Defendant Cayuse at all times relevant hereto had actual and constructive knowledge of the conduct described in this Complaint and paragraph 40 above.

44. Defendant Cayuse failed to take any reasonable steps to prevent the discrimination based on race from occurring, after Ms. Brown notified area director Eyring and Cayuse human resources

about Defendant Marvullo's discriminatory practice.

45. As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pain and suffering; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

46. As a further direct and proximate result of defendants' violation of Title VII Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees be awarded pursuant to 42 U.S.C. 2000e-5(k).

47. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant Marvullo described above was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights, and with the intent to injure Plaintiff. Because Defendant Marvullo acted in his capacity as a supervisor and nothing was done to correct his behavior after Ms. Brown complained of his derogatory and offensive comments, Plaintiff is entitled to punitive damages from Defendants Marvullo and Cayuse.

### *REQUEST FOR JURY TRIAL*

Plaintiff requests that this matter be tried before a jury.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays for judgment against Defendant Cayuse and named-individual supervisory defendant Brown as follows:

1. For front pay in lieu of reinstatement of employment in her former position;

2. For payment of back wages;

3. For such other actual damages suffered by Plaintiff in an amount to be proven at trial;

4. For damages to include compensatory damages for the various violations set forth above;

5. For punitive damages in an amount to be determined by the jury;

6. For all of costs of litigation and attorneys' fees; and

7. For such other further relief as the Court deems just and proper.

DATED this 2nd day of October 2018.

          Pearson Butler & Carson

          /s/ *Zakia A. Richardson*
          Zakia A. Richardson (14298)
          Attorney for Plaintiff